USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/14/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

EDUARDO VIZCAINO,

                Defendant

20 Cr. 241(RMB)

**ORDER**

**KATHARINE H. PARKER, Magistrate Judge:**

    On April 3, 2020, Defendant Eduardo Vizcaino submitted a letter asking the Court to reopen his bail hearing and release him on bond pending trial pursuant to 18 U.S.C. § 3142(f) based on new information bearing on whether there are conditions of release that will reasonably assure his appearance in court as required and the safety of any other person and the community or, in the alternative, to temporarily release him from custody pursuant to 18 U.S.C. § 3142(i). (Dkt. No. 18.) This Court held a telephonic hearing on April 13, 2020 and denied the application. Mr. Vizcaino waived his right to be present for the hearing. This Order memorializes and supplements the Court's decision set forth on the record.

**BACKGROUND**

    The Defendant was arrested on February 25, 2020 and charged in a Complaint with participating in a conspiracy to distribute and possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 846. When he was arrested, he identified himself as "Christopher Colon-Acevedo" as charged in the Complaint. However, it has come to light that Defendant's true name is Eduardo Vizcaino and that he is a citizen of the Dominican Republic with no legal

1

status in the United States.

Mr. Vizcaino was previously convicted in this District (under the name "Christopher Colon") after pleading guilty to conspiring to traffic significant quantities of heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).  He was sentenced to eighteen months incarceration, to be followed by three years' supervised release.  Mr. Vizcaino was still on supervised release when he was arrested for the crime charged in this case.  Accordingly, the Probation Office for this District filed specifications alleging that Mr. Vizcaino violated the terms of his supervised release, and a summons has been issued compelling Mr. Vizcaino's appearance in June to address the violations charged.

Mr. Vizcaino was presented on the charges in this matter before the Honorable Sarah L. Cave on February 26, 2020, who ordered Mr. Vizcaino released subject to bail conditions.  The government appealed to the Part I judge, who was the Honorable Paul A. Engelmayer.  Judge Engelmayer held a hearing on February 27, 2020, after which he granted the government's appeal and ordered Mr. Vizcaino detained pending trial, concluding that the Mr. Vizcaino had not overcome the presumption that there are no bail conditions that could reasonably assure Mr. Vizcaino's presence at future court proceedings and the safety of any other person and the community.  Based on the fact that Mr. Vizcaino committed the alleged crime while on supervised release for the same type of crime, Judge Engelmayer found that there was no basis to believe that Mr. Vizcaino would refrain from criminal activity while on pre-trial release.  Based on the high penalties Mr. Vizcaino faces if convicted in this case and his use of multiple identities, Judge Engelmayer found that Mr. Vizcaino posed a serious risk of flight.  Since then, Mr. Vizcaino has been detained at the Metropolitan Correctional Center ("MCC").

**LEGAL STANDARD**

Under the Bail Reform Act, the Court is required to release a pre-trial defendant unless it finds that no condition or combination of conditions will reasonably assure the appearance of the defendant in court as required and the safety of any other person and the community. 18 U.S.C. § 3142(e)(1). However, the Act provides that there is a rebuttable presumption that there are no such condition or combination of conditions when the defendant is charged with certain enumerated crimes, including, as in this case, a controlled substance offense with a maximum penalty of ten or more years imprisonment. 18 U.S.C. § 3142(e)(3). If the presumption is rebutted, the government bears the ultimate burden of demonstrating by a preponderance of the evidence that there are no conditions or combination of conditions that will ensure the defendant's return to court or by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of the community. In making a bail determination, the court makes an individualized assessment based on specific factors set forth in 18 U.S.C. § 3142(g). These factors include the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *Id.*

If a court has already made a determination that a pre-trial defendant should be detained, the law permits a detention hearing to be reopened at any time before trial "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are

conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

Under 18 U.S.C. § 3142(i), the Court has the legal authority to grant relief from an order of detention entered under 18 U.S.C. § 3142(e). Section 3142(i) permits the temporary pretrial release of a defendant otherwise requiring detention into the custody of a U.S. marshal or other "appropriate" person where "the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). A serious medical condition has been found to be a compelling reason warranting temporary release under this provision, and some courts have found that the recent COVID-19 pandemic and risks it presents to certain detained defendants with underlying health conditions warranted temporary release. *See, e.g.*, *United States v. Perez*, No. 19 Cr. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (granting bail application of 65-year-old defendant with COPD, pursuant to 18 U.S.C. § 3142(i), in light of "unique confluence of serious health issues and other risk factors facing this defendant, . . . which place him at a substantially heightened risk of dangerous complications should [he] contract COVID-19"); *United States v. Scarpa*, 815 F. Supp. 88, 89 (E.D.N.Y. 1993), *supplemented* (Mar. 5, 1993) (defendant facing terminal illness released to hospital for life-prolonging treatment that could not be provided in prison). The defendant has the burden of showing that temporary release is necessary under 3142(i). *See United States v. Dupree*, 833 F. Supp. 2d 241, 246 (E.D.N.Y. 2011).

## DISCUSSION

Mr. Vizcaino argues that the world has changed since he was first detained on February 27, 2020 given the spread of COVID-19 throughout New York, including within the MCC where he is detained, and current unsanitary conditions within the MCC. He

argues that he is at risk of contracting COVID-19 while detained at the MCC and would be safer at home. Renewing arguments made before Judge Engelmayer, Mr. Vizcaino also argues he is not a flight risk, has no history of violence, and has a stable, safe place to live with his girlfriend and her two children, who he considers his stepchildren. He also argues that because of the current lockdown/quarantine protocols in place at MCC, he has not been able to meet with his counsel except for a few brief phone calls and, thus, has been unable to participate in his defense.

    This Court does not find the new information about the spread of COVID-19 and the conditions at MCC to have a material bearing on the issue whether there are conditions of release that will reasonably assure Mr. Vizcaino's appearance as required and the safety of any other person and the community. See *United States v. Valerio*, 9 F. Supp. 3d 283, 293–94 (E.D.N.Y. 2014). The information to which he points (that is, conditions within the MCC) does not address the flight risk. If anything, further details pertaining to Mr. Vizcaino's use of a false identity that have come to light since he was first arrested in this case heightens the risk of flight. It is now clear that Mr. Vizcaino, who was previously convicted of a drug felony in this District, lacks legal status and is subject to removal from this country. Judge Engelmayer already found that conditions such as a bond, home detention and electronic monitoring were insufficient to mitigate risk of flight. Contrary to what Mr. Vizcaino argues, his use of a false identity together with his undocumented status, his near certain removal from this country, and his possible lengthy prison sentence if convicted pose a serious risk of flight. His alleged failure to comply with the conditions of his supervised release—*i.e.*, engaging in the same type of narcotics-related activities for which he was previously convicted—also

demonstrates that conditions of release would not reasonably assure his appearance in court as required or ensure that he did not engage in drug-related crimes while on pre-trial release. Drug trafficking is a serious crime that poses a danger to the community. Additionally, his release during the current COVID-19 pandemic poses risks to Pre-trial Services personnel who would have to monitor Mr. Vizcaino while on release. This, together with the factors already noted by Judge Engelmayer when denying Mr. Vizcaino release on bond, lead this Court to conclude that there are no conditions of release that would reasonably assure the safety of any other person and the community. Therefore, Mr. Vizcaino's renewal application for release pursuant to 18 U.S.C. 3142(f) is denied.

This Court also finds that Mr. Vizcaino has failed to meet his burden of establishing that his temporary release is "necessary" to prepare for his defense or another "compelling" reason pursuant to 18 U.S.C. § 3142(i). With regard to Mr. Vizcaino's concern about contracting COVID-19, the Court notes that the Bureau of Prisons ("BOP") has implemented policies and consulted with appropriate experts to mitigate the risks posed by COVID-19. Most recently, BOP has instituted a medical quarantine procedure within MCC and has doctors visiting all units. As other judges in this District have noted, the BOP's mitigation measures do not, and cannot, eliminate completely the risk of COVID-19, but its measures are calculated to mitigate the risk of infection in its inherently close quarters, for all persons in custody and BOP staff. Although, in certain cases, the specific medical conditions of individual pretrial detainees may create risks so substantial that they reduce or outweigh the public safety risks posed by temporary release of such detainees, the Court finds that, in Mr. Vizcaino's case, the danger to the community presented by Mr. Vizcaino's release outweighs substantially even the heightened the risk of exposure to COVID-19 that he

faces while in detention, particularly in light of his failure to identify concrete, imminent threats to his health beyond those that affect all detainees.

Mr. Vizcaino is in his early 30's and has no specific underlying health conditions that place him at greater risk. While his attorneys point out that men have a higher rate of complications from COVID-19 than women, this fact also does not render his circumstances compelling within the meaning of 18 U.S.C. 3142(i). The cases in which defendants have been released for a compelling health reason have almost uniformly had underlying conditions heightening their individual risk, and even the presence of an underlying condition has not necessarily resulted in release. *See, e.g.*, *United States v. Irizarry*, No. 19 Cr. 913 (SHS) (S.D.N.Y. Apr. 3, 2020) (Stein, J.) (denying bail application by inmate at MCC with asthma in light of dangerousness of alleged drug and firearms offenses and history of failure to appear in court); *United States v. Lewis*, No. 20 Cr. 234 (LAP) (S.D.N.Y. Apr. 1, 2020) (Castel, J., sitting in Part I) (denying bail application by inmate with multiple sclerosis in light of serious risk of danger to the community posed by alleged drug trafficking conduct and prior drug trafficking conviction); *United States v. Conley*, No. 19 Cr. 131 (S.D.N.Y. Mar. 31, 2020) (Engelmayer, J.) (denying bail application by inmate at MCC on high-risk list with asthma, partial lung removal, diabetes, high blood pressure, and hypertension in light of serious risk of danger to community); *United States v. Bradley*, No. 19 Cr. 632 (S.D.N.Y. Mar. 25, 2020) (Daniels, J.) (denying bail application by inmate detained in MCC on controlled substances and firearm charges who had recently experienced a stroke and had high blood pressure); *United States v. Chambers*, No. 20 Cr. 135 (S.D.N.Y. Mar. 31, 2020) (Furman, J.) (denying bail application by inmate with asthma in light of serious risk of danger to the community).

To the extent Mr. Vizcaino argues that his Sixth Amendment right to counsel has been violated because of the restrictions currently in place at MCC in meeting with

7

counsel, such an argument is not appropriately brought in an application for temporary release.[1] To the extent Mr. Vizcaino argues that his temporary release is necessary to prepare his defense, his argument is not persuasive. Mr. Vizcaino is at the very beginning of his case. No trial date is imminent. No hearing is imminent. While this Court agrees that defendants must be given access to counsel to prepare their defense, the Court notes that the BOP is putting into place additional measures to improve access to counsel during this time when COVID-19 quarantine protocols are in place. These measures should improve Mr. Vizcaino's situation in the short-term, and long before any trial date is set. Mr. Vizcaino's situation is not like that of others who have been granted temporary release to prepare for an imminent "firm" trial date, see *United States v. Hudson*, No. 19 Cr. 197 (CM), or an imminent hearing, see *United States v. Stephens*, No. 15 Cr. 95-51 (AJN)(ECF No. 2798). The procedural posture of this case is more akin to the one in *United States v. Brown*, in which the Honorable Laura Taylor Swain denied the defendant's application for temporary release because, among other things, the defendant had not identified any specific difficulty in preparing his defense or any imminent need to do so. 19 Cr. 792 (LTS) (S.D.N.Y. Apr. 6, 2020).

---

[1] Defendant may challenge conditions of confinement on constitutional grounds pursuant to 28 U.S.C. § 2241.

## CONCLUSION

For the reasons set forth above, and as discussed on the record, Defendant's application is denied.

SO ORDERED.

Dated: April 14, 2020
New York, New York

_____
Katharine H. Parker
United States Magistrate Judge