UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>EDUARDO VIZCAINO,<br><br>Defendant. | 20-CR-241 (RMB)<br><br>ORDER |

**I. Background**

On January 11, 2021, Eduardo Vizcaino ("Vizcaino" or "Defendant") pled guilty to one count of conspiracy to distribute and possess with intent to distribute fentanyl in violation of 21 U.S.C. § 846 and § 841(b)(1)(B). *See* Judgment, dated June 14, 2021, at 1 (ECF No. 92). On June 14, 2021, Vizcaino was sentenced to a 60-month term of imprisonment which was the statutory mandatory minimum and five years of supervised release for the fentanyl conspiracy. *See id.* at 2. Vizcaino's guidelines range was 108 to 135 months of incarceration. *See* Presentence Investigation Report, dated May 4, 2021, at 15 (ECF No 54).

Also on January 11, 2021, Vizcaino pled guilty to committing a federal crime while on supervision and he was sentenced to 14 months imprisonment to run consecutive to his 60-month term (for a total of 74 months). *See* Gov't Letter, dated Jan. 26, 2024 at 2 n.2 (ECF No. 107) ("Gov't Letter"); Judgement, dated June 14, 2021, at 1 (ECF No. 92); *see also* Sent'g Tr., dated June 14, 2021 at 24:15-21 (ECF No. 96).

On November 14, 2023, Defendant filed a *pro se* motion for reduction of his 60-month sentence pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 821 to the

1

United States Sentencing Guidelines.[1] *See* Def.'s Mot., dated Nov. 14, 2023, at 2 (ECF No.'s 104, 104-1). Defendant contends that he is "eligible to receive [a] one-point reduction of his criminal history," Def.'s Mot., dated Nov. 14, 2023, at 2 (ECF No. 104), and that he "has zero (0) criminal history points." Def.'s Mot., dated Nov. 14, 2023, at 2 (ECF No. 104-1). Vizcaino "believes he meets the criteria requirements to receive [a] two-point reduction of his offense level." *Id.*

Both the Government and the U.S. Probation Office **oppose** Mr. Vizcaino's motion for a sentence reduction under U.S.S.G. § 4A1.1(e) and § 4C1.1(a). *See* Gov't Letter at 1; *see also* Probation Department's Supplemental Presentence Investigation Report, dated Dec. 26, 2023, at 2 (ECF No. 105) ("Supplemental Presentence Investigation Report"). The Government contends that Vizcaino is ineligible for a sentence reduction because, among other things, he was "sentenced to the statutory mandatory minimum term of imprisonment of 60 months." Gov't Letter at 2. "[B]ecause the defendant already received a sentence that is . . . at or below the lowest possible point at which an amended Guidelines range could fall, he is ineligible for relief." *Id.* The Government also contends that Defendant's (separate) consecutive 14-month sentence of imprisonment for his violation of supervised release "has no impact on the defendant's ineligibility for a sentence reduction here."

The Probation Department, in its Supplemental Presentence Investigation Report, points out that Defendant "is precluded from a sentence reduction because [he] was sentenced to the mandatory minimum term of imprisonment, and the Court is unable to impose a sentence below the statutorily required minimum sentence." *See* Supplemental Presentence Investigation Report at 2.

---

[1] Amendment 821 went into effect on November 1, 2023 and was made retroactive by the U.S. Sentencing Commission. *See* U.S.S.G. § 1B1.10(d).

On January 29, 2024, Federal Defenders, as counsel to Vizcaino, informed the Court that they "ha[d] nothing to add to Mr. Vizcaino's *pro se* motion." Federal Def. Letter dated Jan. 29, 2024, at 1 (ECF No. 108).[2]

## II. Analysis

"A defendant is generally eligible for potential relief if, as a result of Amendment 821, the defendant's amended Guidelines range is lower than the range that applied at the defendant's original sentencing, *and if* the defendant did not already receive a sentence lower than the amended range on any ground other than substantial assistance." Gov't Letter at 1 (emphasis in original).

The Defendant "was sentenced to the statutory mandatory minimum term of imprisonment of 60 months." *Id.* at 2. "Accordingly, even though retroactive application of Amendment 821 would result in a lower Sentencing Guidelines range, it would not result in a new range that is lower than the sentence the defendant has already received." *Id.* "[B]ecause the [D]efendant already received a sentence that is at the mandatory minimum sentence and is therefore at or below the lowest possible point at which an amended Guidelines range could fall, he is ineligible for relief." *Id.*

Vizcaino, as noted, was also sentenced to 14 months of imprisonment (on January 11, 2021) for violation of supervised release. *See* Judgement, dated June 14, 2021, at 1 (ECF No. 92); *see also* Sent'g Tr., dated June 14, 2021 at 24:15-21 (ECF No. 96). "[B]ut that separate consecutive sentence has no impact on the defendant's ineligibility for a sentence reduction here." Gov't Letter, at 2 n.2.

---

[2] **Any issues or arguments raised by the parties but not specifically addressed in this Order have been considered by the Court and rejected.**

3

### III. Conclusion & Order

Based upon the record herein, Defendant's motion is denied.

                                                      *RMB*

                                                      Richard M. Berman
                                                      United States District Judge

Dated: March 4, 2024
       New York, New York

**Copies Mailed By Chambers**

4